UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 6:13-CV-21

CAROL JANE LESTER, Individually and
 as Executrix of Lloyd J. Lester's Estate,                                        PLAINTIFF,

v.

**OPINION AND ORDER**

EXTENDICARE, INC., *et al.*,                                                      DEFENDANTS.

**** **** **** ****

This matter is before the Court on the Plaintiff's Motion to File Second Amended

Complaint (DE 4).  For the following reasons, the motion will be denied.

**I.      Background.**

With this action, the Plaintiff asserts that her husband, Lloyd J. Lester, died as a

result of negligence while in the medical care of a long-term care facility that, at the time

of Mr. Lester's death, was named Sunrise Manor Nursing and Rehabilitation Center. The

Plaintiff asserts in the First Amended Complaint that Sunrise has changed its name to

Cumberland Nursing and Rehabilitation Center.

The Plaintiff originally filed this action in state court. In the First Amended

Complaint filed in that action, the Plaintiff named 16 defendants including "Jill

Spurgeon, in her official capacity as Administrator of *Cumberland Nursing and*

*Rehabilitation Center*."

The Plaintiff alleged that each of the named Defendants, either directly or

indirectly, owned, operated, controlled, or provided services to the Sunrise Manor

Nursing and Rehabilitation Center.

Eight of the Defendants (the "Extendicare Defendants") removed the action to this Court asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) which provides that this Court has jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.

## II.    Subject Matter Jurisdiction.

Federal diversity jurisdiction requires "complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004).

In their Notice of Removal, the Extendicare Defendants recognized that Spurgeon and the Plaintiff are both Kentucky citizens. Nevertheless, they asserted that diversity jurisdiction exists in this matter because the Plaintiff fraudulently joined Spurgeon solely to defeat this Court's diversity jurisdiction.

When a defendant is "fraudulently joined," that defendant's citizenship is ignored for purposes of determining the Court's diversity jurisdiction. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).   "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc*., 576 F.3d 620, 624 (6th Cir.2009) (citing *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C*., 176 F.3d 904, 907 (6th Cir.1999)). The non-moving party's motive for joining the non-diverse party to the lawsuit is "immaterial to our determination regarding fraudulent joinder." *Jerome–Duncan*, 176 F.3d at 907.

The Plaintiff has not objected to the removal on any basis. Nevertheless, "no plaintiff can 'create' diversity jurisdiction by failing to move to remand when it is clear

that complete diversity does not exist. Courts must examine subject matter jurisdiction 'on their own initiative.'" *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Before ruling on the motion to amend, the Court must determine whether it has jurisdiction over this action. "[D]etermination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). At the time of removal in this action, the Plaintiff named "Jill Spurgeon, in her official capacity as Administrator of Cumberland Nursing and Rehabilitation Center." The Extendicare Defendants state that it is "undisputed that Lloyd J. Lester was never a resident at Cumberland Nursing and Rehabilitation Center." For this reason, the Removing Defendants argued that the citizenship of "Jill Spurgeon, in her official Capacity as Administrator of Cumberland Nursing and Rehabilitation Center" should be disregarded for purposes of determining the Court's diversity jurisdiction.

The Plaintiff now moves to amend her complaint, stating the sole change in the proposed amended complaint is that the new complaint correctly identifies Spurgeon as, "Jill Spurgeon, in her capacity as Administrator of *Sunrise Nursing and Rehabilitation Center*." (DE 4-1.) On the same day that the Plaintiff moved to amend her complaint, she also filed a Notice of Voluntary Dismissal, voluntarily dismissing her claims against all of the non-removing Defendants including "Jill Spurgeon, in her official capacity as Administrator of *Cumberland Nursing and Rehabilitation Center*."

Thus, it appears that the Extendicare Defendants are correct and that Spurgeon should not have been identified at the time of removal as "Jill Spurgeon, in her official

capacity as Administrator of *Cumberland Nursing and Rehabilitation Center*." Further, and more importantly, a claim against Spurgeon "in her official capacity" is not viable in a case like this because there is no assertion, indication or argument that Spurgeon's employer is a private entity. *See Owens v. Connections Community Support Program, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012) ("Generally, a suit against a[] public officer in his or her official capacity is used to compel that officer to take some official action . . . .The concept, however, is inapplicable to suits against private parties where the entity is also susceptible to suit . . . Indeed, a suit naming an individual in his official capacity is considered a suit against the employer . . . Thus, if the employer is named as a defendant, the same discrimination claim against an employee in his official capacity is redundant."); *DeRay v. Larson*, 283 F.Supp.2d 706, 709-710 (D.Conn. 2003) ("While such official capacity suits are necessary when the defendants are government officers and their state or federal employer has sovereign immunity, a plaintiff who sues a private entity does not contend with a sovereign immunity bar to suit, and thus does not need an official capacity suit to circumvent that immunity. As a result, it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly."); *Beck v. FedEx Ground*, No. S-07-0717, 2007 WL 2028581, at *2 (E.D. Cal. 2007).

Because there is no viable "official capacity" claim against the employee of a private entity, the Defendant "Jill Spurgeon, in her official capacity as Administrator of *Cumberland Nursing and Rehabilitation Center*" was fraudulently joined in this action. That Defendant will, therefore, be dismissed. *See Probus*, 234 F. App'x at 407 (stating that, where a defendant is fraudulently joined, the proper procedure is to dismiss that

4

defendant from the lawsuit.)  This Court further finds it has jurisdiction over this action because diversity jurisdiction existed at the time of removal.

Having determined it has jurisdiction over this action and in accordance with the Plaintiff's Notice of Voluntary Dismissal, the Court will also dismiss LPMM, Inc.; LP Manager, LLC; LPO Holdings, LLC; Signature Healthcare, LLC; Signature Consulting Services, LLC; Signature Clinical Consulting Services, LLC; Somerset Health Facilities, LP d/b/a Cumberland Nursing and Rehabilitation Center.

### III.    Motion to Amend.

That leaves the issue of the Plaintiff's request to amend her Complaint to name "Jill Spurgeon, in her capacity as Administrator of Sunrise Manor Nursing and Rehabilitation Center."   The Plaintiff no longer seeks to assert a claim against Jill Spurgeon in her "official capacity."   In her Second Amended Complaint, the Plaintiff names only Jill Spurgeon, "in her capacity as administrator of Sunrise Manor Nursing and Rehabilitation Center." (DE 4-1.) Thus, the claim is against Jill Spurgeon, individually.

The Extendicare Defendants do not argue that the Plaintiff has no viable claim against Spurgeon or that she has been fraudulently joined in this action.  They do argue, however, that, the Court should subject the motion to amend to more scrutiny than other motions to amend under Rule 15 because the amendment would defeat diversity.   The Court agrees. In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit indicated that the Court should consider four factors when reviewing a post-removal attempt to add non-diverse parties:  (1) "the extent to which the purpose of the amendment is to defeat jurisdiction;" (2) whether the plaintiff was dilatory in seeking the

amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) "any other factors bearing on the equities." *Id*. at 1182.

The Extendicare Defendants argue that the Plaintiff seeks to add Spurgeon in order to defeat diversity jurisdiction. They also argue that the Plaintiff was dilatory in seeking to add Spurgeon, "in her capacity as Administrator of Sunrise Manor Nursing and Rehabilitation Center." They further argue that the Plaintiff will not be injured if the amendment is not allowed because Spurgeon's acts would be imputed to her employer under the theory of *respondeat superior*. Thus, if the Plaintiff is entitled to any damages, she can obtain complete relief against Spurgeon's employer for any acts by Spurgeon.

The Plaintiff filed no reply brief. Accordingly, the Court has no argument to the contrary on any of these factors.

As to "other factors bearing on the equities," this Court should consider the "danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" and the interest of the removing defendant "in retaining the federal forum." *Hensgens*, 833 F.2d at 1182. Here, there is no indication before the Court that the Plaintiff intends to proceed against Spurgeon in a state action. Thus, the consideration of these factors weights in favor of this Court retaining jurisdiction.

Accordingly, the Court, exercising its discretion pursuant to 28 U.S.C. § 1447(e), will deny the Plaintiff's motion to add Jill Spurgeon as a defendant in this matter.

As a result of this opinion, the following eight defendants are the only remaining defendants in this action.

- Extendicare, Inc.;
- Extendicare Homes, Inc d/b/a Sunrise Manor Nursing and Rehabiliation Center;

- Extendicare Health Network, Inc.;
- Extendicare REIT;
- Extendicare, L.P.;
- Extendicare Holdings, Inc.;
- Extendicare Health Services, Inc.; and
- Extendicare Health Facility Holdings, Inc.

**IV.    Conclusion.**

For these reasons, the Court hereby ORDERS as follows:

1)    the Plaintiff's Motion to File Second Amended Complaint (DE 4) is

DENIED;

2)    in accordance with the Plaintiff's Notice of Voluntary Dismissal (DE 5),

the following defendants are dismissed from this action:

- LPMM, Inc.;
- LP Manager, LLC;
- LPO Holdings, LLC;
- Signature Healthcare, LLC;
- Signature Consulting Services, LLC;
- Signature Clinical Consulting Services, LLP;
- Somerset Health Facilities, LP d/b/a Cumberland Nursing and Rehabilitation Center; and
- Jill Spurgeon, in her Official Capacity as Administrator of Cumberland Nursing and Rehabilitation Center.

Dated this 18th day of July, 2013.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**